UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EDWARD DAVIS,

     Petitioner,                   Case No. 2:24-CV-12042

v.                       UNITED STATES DISTRICT COURT JUDGE

                             GERSHWIN A. DRAIN

KIM CARGOR,

     Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [ECF No. 1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

## I. INTRODUCTION

Petitioner David Edward Davis, confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for two counts of assault with intent to commit murder (AWIM), MICH. COMP. LAWS § 750.83, two counts of assault with intent to do great bodily harm less than murder (AWIGBH), MICH. COMP. LAWS § 750.84, one count each of felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, discharge of a firearm from a building, MICH. COMP. LAWS § 750.234b, possession of a firearm in the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b, and being a fourth felony habitual offender,

1

MICH. COMP. LAWS § 769.12. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## II. BACKGROUND

Prior to trial, Petitioner pleaded guilty to the two firearms charges and the one charge involving discharge of a firearm from a building in the Jackson County Circuit Court. Petitioner then went to trial on four counts of assault with intent to commit murder. He was found guilty as charged of two of the counts and guilty of the lesser included offense of assault with intent to do great bodily harm less than murder on the other counts following a jury trial. (ECF No. 8-9, PageID.163-186, ECF No. 8-13, PageID.999-1000.)

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions stem from an attempted "suicide by police."
>
> Defendant placed a fabricated domestic disturbance call to the police, and when officers responded to the call they found two residents standing outside the house oblivious to any domestic disturbances. Suspicious of the call, Officer Bradley Elston approached the front door and knocked; defendant immediately fired a shotgun at the front door from inside the house. Defendant fired a second shot through a window and struck a tree behind which Sergeant Timothy Hibbard had taken cover; the second shot also rained projectiles down around the feet of Officer Scott Goings. Finally, defendant fired a third shot that struck a tree across the street, behind which Trooper Tyler Bacon had taken cover. After several hours of speaking with a crisis negotiator, defendant exited the house and surrendered to the police. No officers

were shot during the standoff, and defendant testified at his trial that he had been suicidal, and his intent—rather than to harm anyone—was to bait the police into shooting him.

*People v. Davis*, No. 360300, 2023 WL 4281371, at *1 (Mich. Ct. App. June 29, 2023), *lv. den.*, 513 Mich. 924, 997 N.W.2d 196 (2023).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Trial counsel was constitutionally ineffective for failing to file a motion to suppress Davis's 2011 theft-related offenses, and in bringing forth evidence of a 1983 uttering and publishing offense, and failure to request a jury instruction on simple assault and battery.

II. Trial counsel was constitutionally ineffective for failing to request a jury instruction on the necessary lesser included offense of simple assault and battery.

III. Due process requires a new trial where the trial court improperly instructed the jury on transferred intent when gunshots did not strike the police officers and there were only three shots fired, but four charges of assault. Trial court failed to provide an instruction on simple assault and battery and the doctrine of transferred intent requires that the victim be battered.

IV. Trial counsel violated my First Amendment rights to due process when he introduced a 1983 uttering and publishing conviction, a 2011 conviction for larceny in a building and unlawfully driving away of a vehicle. Prior convictions are inadmissible if more than 10 years elapsed. MRE 609(a).[1]

---

[1] Due to the brevity of the petition for a writ of habeas corpus, this Court is willing to incorporate the arguments raised in Petitioner's state appellate court brief which respondent has provided as part of the Rule 5 materials. (ECF No. 8-16,

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of
> > the evidence presented in the State court
> > proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the Supreme

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S.

362, 405-06 (2000).   An "unreasonable application" occurs when "a state court

decision unreasonably applies the law of [the Supreme Court] to the facts of a

---

PageID1125-50). *See, e.g., Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n.2. (E.D.
Mich. 2004).

prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

**IV. DISCUSSION**

**A.    Claims # 1, # 2, # 3, and # 4. The ineffective assistance of counsel claims.**

The Court discusses Petitioner's ineffective assistance of counsel claims together. For clarity, the Court also discusses a portion of Petitioner's third claim involving the trial judge's failure to instruct the jurors on the lesser included misdemeanor offense of assault and battery.[2]

---

[2] Respondent argues that this portion of Petitioner's third claim is unexhausted because he never raised a claim in the Michigan courts about the trial judge's failure to *sua sponte* instruct the jurors on the lesser offense of assault and battery

5

In order to establish the denial of the effective assistance of counsel, a defendant must show two things.  First, the defendant must demonstrate that his attorney's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To do this, the defendant must overcome a strong presumption that counsel's actions lie within the wide range of reasonable professional assistance. *Id.* Stated differently, a defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689.  Second, the defendant must show that he was prejudiced by counsel's alleged deficiency. *Id*.  To demonstrate prejudice, the defendant must show that

---

even though Petitioner did raise a claim about trial counsel being ineffective for failing to request such an instruction. It is true that "bringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because the two claims are analytically distinct." *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).  Nonetheless, a habeas Petitioner's failure to exhaust his state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). This Court finds that in the interest of judicial economy, and to avoid any further burden on the state courts if Petitioner were to return there to attempt to exhaust this claim in a post-conviction motion, this Court will address this portion of Petitioner's third claim on the merits, particularly because the analysis of this claim is relevant to the adjudication of Petitioner's claim that counsel was ineffective for failing to request an instruction on assault and battery.

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Petitioner argues in his first and fourth claims that trial counsel was ineffective for failing to object to the admission of his 2012 conviction for unlawfully driving away in a vehicle and his 2011 conviction for larceny in a building because the two convictions were of limited relevance in challenging his credibility as a witness and did not involve an element of dishonesty. Petitioner further asserts that counsel was ineffective for failing to object to the admission of his 1983 conviction for uttering and publishing because it was more than 10 years old and hence inadmissible under M.R.E. 609. Petitioner further argues that trial counsel was ineffective for eliciting testimony from him regarding these three convictions on direct examination.

The Michigan Court of Appeals found that trial counsel was ineffective in failing to object to the 2012 and 2011 convictions being used for impeachment because there was a possibility the judge would have excluded these convictions for being more prejudicial than probative. The Michigan Court of Appeals further found

7

counsel to be ineffective for eliciting testimony from Petitioner regarding the 1983 uttering and publishing conviction because this offense was clearly inadmissible under M.R.E. 609. *People v. Davis*, 2023 WL 4281371, at *2–4. Nonetheless, the Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim, finding that Petitioner had not been prejudiced as follows:

> While defense counsel erred by stipulating to the admission of testimony regarding these convictions, reversal is not warranted because the impact of this error on the trial was minimal and did not affect the outcome.

> For the purposes of this analysis, we will assume *arguendo* that the trial court would have excluded evidence of the 2011 and 2012 convictions had defense counsel so requested. The defense in this case hinged on whether the jury believed defendant's testimony that he did not intend to shoot anybody and that he was instead trying to get the officers to shoot him. None of the relevant crimes involved any violence, so the jury would not have inferred from them that defendant had a violent disposition. The record suggests that, while the crimes did involve dishonest conduct, they did not involve any actual lies, and this weighs against a conclusion that the testimony caused the jury to infer that defendant lied.

> Moreover, the testimonial and physical evidence presented against defendant was substantial and far outweighed the two brief exchanges regarding his criminal history. Even without defendant's testimony about his criminal record, the jury still heard testimony from the police officers describing the unusual nature of the domestic disturbance call to 911, the string of gunshots that started to ring out immediately after Officer Elston approached the house, and the trajectory of the three gunshots. Defendant himself admitted that he waited for Officer Elston to approach the front door before he started shooting. The shotgun wad was found embedded in the interior woodwork of the front door and the police body camera footage supported the prosecution's theory of the case that defendant intentionally shot at the police.

8

Finally, defendant's prior convictions were of little import to the prosecution's case. The prosecution did question defendant on cross-examination about the prior convictions, but it did not incorporate the prior convictions into closing arguments. Instead, the prosecution asked the jury to determine defendant's intent based on his actions during the incident. The prosecution argued that defendant's intent to kill the officers was evidenced by the direction that he pointed the barrel of the gun and the fact that he waited for an officer to walk up and knock on the door before firing from the other side of the door. Additionally, the prosecution emphasized that defendant himself stated on his call to the crisis negotiator that he fired his gun "at a cop."

For these reasons, defendant cannot establish a valid claim of ineffective assistance of counsel stemming from the admission of evidence pertaining to defendant's prior convictions.

*People v. Davis*, 2023 WL 4281371, at *4.

A reviewing court "need not determine whether counsel's performance was deficient ... [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ....". *Strickland*, 466 U.S. at 697. Thus, if an alleged error by counsel was not prejudicial, a federal court need not determine whether counsel's performance was constitutionally deficient. *See McMeans* v. *Brigano*, 228 F.3d 674, 686 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 697).

The Michigan Court of Appeals reasonably concluded that Petitioner was not prejudiced by his counsel's failure to object to the admission of his prior convictions and in eliciting testimony about them in light of the compelling evidence of Petitioner's guilt coupled with the fact that the prosecutor did not mention Petitioner's prior convictions in his closing argument to attack Petitioner's

credibility. *See James v. United States*, 217 F. App'x 431, 436-37 (6th Cir. 2007) (Defense counsel's alleged ineffectiveness in failing to object to government's introduction of extraneous offense evidence of defendant's nearly–30-year-old conviction for stealing 50 to 80 firearms was harmless error, in instant prosecution for being a felon in possession of a firearm, in light of solid inculpatory evidence, which included eyewitness and police testimony); *McCullough v. Stegall*, 17 F. App'x 292, 297 (6th Cir. 2001) (even if counsel's performance was deficient in eliciting testimony, in prosecution for first-degree murder, that Petitioner had a prior breaking and entering conviction and a prior narcotics charge, Petitioner was not prejudiced, where evidence of guilt was overwhelming; three witnesses testified that they saw defendant stop victim's car, engage him in conversation, and without provocation, shoot the victim multiple times); *Salem v. Yukins*, 414 F. Supp. 2d 687, 699 (E.D. Mich. 2006) (even if defense counsel erred in asking Petitioner whether she had ever been a drug addict, which opened the door to questions regarding her prior drug conviction, Petitioner was not prejudiced by such error and, thus, was not denied effective assistance of counsel, in trial for delivery of heroin and conspiracy to deliver heroin, in light of the overwhelming evidence of her guilt). Petitioner is not entitled to relief on his first and fourth claims.

As part of his first claim and again in his second claim, Petitioner argues that trial counsel was ineffective for failing to ask the judge to instruct the jurors on the

lesser included misdemeanor offense of assault and battery. In his related third claim, Petitioner argues that the judge should have *sua sponte* instructed the jurors to consider assault and battery a lesser included offense to the assault with intent to commit murder charges.

As an initial matter, "[t]he Supreme Court…has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (citing *Beck v. Alabama,* 447 U.S. 625, 638, n.14 (1980)). " Simply put, 'the Constitution does not require a lesser-included offense instruction in non-capital cases.'" *Id.* (quoting *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir.1990) (en banc)). "Because the Supreme Court has never held that due process requires lesser-included-offense instructions in a non-capital case, [petitioner's] claim rests on no such federal ground." *Id.*  Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby*, 894 F.2d at 797; *see also Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002).

Moreover, although the assault with intent to commit murder charges carried a possible life sentence, this offense would nonetheless be considered a non-capital offense for purposes of *Beck.*  In *Scott*, the Sixth Circuit held that a criminal defendant who had been convicted of first-degree murder in Michigan and had been

11

sentenced to life imprisonment without parole was not entitled to habeas relief based upon the trial court's failure to instruct on the lesser offense of involuntary manslaughter. *Scott*, 302 F.3d at 606. In so ruling, the Sixth Circuit characterized the defendant's first-degree murder charge as being a conviction for a non-capital offense. *Id., see also Tegeler v. Renico,* 253 F. App'x 521, 524-25 (6th Cir. 2007) (Due process did not require jury instruction on the lesser-included offense of voluntary manslaughter in non-capital prosecution for first-degree premeditated murder); *see Dansby v. Trombley*, 369 F. App'x 657, 660 (6th Cir. 2010) (trial court's failure to provide jury instructions on lesser-included offenses in Petitioner's trial for noncapital murder charges was outside the purview of the AEDPA's habeas provision).

Moreover, several other circuits have concluded that cases in which a defendant receives a sentence of life imprisonment without parole instead of the death penalty should be treated as a non-capital case, as opposed to a capital case, for determining whether due process requires that a trial court is required to instruct jurors on lesser included offenses. *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998); *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir. 1990)*; Rembert v. Dugger*, 842 F.2d 301, 303 (11th Cir. 1988); *Trujillo v. Sullivan*, 815 F.2d 597, 602 (10th Cir. 1987). Petitioner was sentenced to 25-50 years on the assault with intent to commit murder charges. Accordingly, Petitioner is not entitled to habeas relief on his third

claim involving the judge's failure to instruct the jurors on the lesser offense of assault and battery.

Because there is no clearly established Supreme Court caselaw entitling Petitioner to an instruction on lesser included offenses in a non-capital case, Petitioner's ineffective assistance of counsel claim and his related instructional error claim are denied.

## B. Claim # 3.  The jury instruction claim.

Petitioner alleges in the remainder of his third claim that the judge erred in giving the jurors an instruction on transferred intent because no one was injured in the shooting and a battery is required for the issue of transferred intent. He also suggests the instruction should not have been given because he fired only three gunshots but there were four alleged victims.

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).  "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S.

at 72 (quoting *Cupp*, 414 U.S. at 147). The court must "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Id*. (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

The judge instructed the jurors on the concept of transferred intent regarding the assault with intent to commit murder charges.

Under Michigan law, the elements of assault with intent to commit murder in Michigan are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *See Warren v. Smith,* 161 F.3d 358, 361 (6th Cir. 1998).  Under the doctrine of transferred intent, a "general intent to kill need not be directed at an identified individual or the eventual victim." *People v. Abraham*, 256 Mich. App 265, 270; 662 N.W.2d 836 (2003); *see also People v. Lawton*, 196 Mich. App. 341, 350-51, 492 N.W.2d 810 (1992).  The Michigan Jury Instruction on transferred intent that was given in this case states: "If the defendant intended to assault one person, but by mistake or accident assaulted another person, the crime is the same as if the first person had actually been assaulted." M. Crim. JI 17.17.

The Michigan Court of Appeals rejected Petitioner's claim.  Under Michigan law an actual battery or injury is unnecessary to complete the offenses of AWIM or AWIGBH. *People v. Davis*, 2023 WL 4281371, at *6.  It is sufficient that Petitioner's actions placed all four police officers in reasonable apprehension of

14

immediately being battered and that Petitioner intended that his actions cause death or great bodily harm. *Id.*  The Michigan Court of Appeals further observed that "when a defendant attempts to murder one person and, as a result, others are placed in reasonable apprehension of being inflicted by the same type of harm, the defendant's intent to kill transfers to all those whom are placed in such apprehension." *Id.* Thus, the Michigan Court of Appeals rejected Petitioner's argument that the transferred intent doctrine did not apply because he only fired three gunshots at four police officers, since all four were put in reasonable apprehension of being injured or killed.

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Federal courts are bound by the state courts' interpretation of their own laws. *Id.* at 690-91. The nature of a particular jury instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *Newton v. Million*, 349 F.3d 873, 879 (6th Cir. 2003). "Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012).

The Michigan Court of Appeals found that the instruction given by the trial court accurately reflected Michigan law regarding the issue of transferred intent; this

15

Court must defer to that determination and cannot question it. *See Seymour v. Walker,* 224 F.3d 542, 558 (6th Cir. 2000). Petitioner is not entitled to relief on the remainder of his third claim.

## V. CONCLUSION

The Court denies the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas Petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of

Petitioner's claims to be debatable or wrong. *See Dell v. Straub,* 194 F. Supp.2d 629, 659 (E.D. Mich. 2002).

However, although jurists of reason would not debate this Court's resolution of the claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.** IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**  IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **GRANTED**.

SO ORDERED.

Dated:  June 27, 2025                          /s/Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge


CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 27, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager