UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EDWARD DAVIS,

    Petitioner,               Case No. 2:24-CV-12042

v.                       UNITED STATES DISTRICT COURT JUDGE

                       GERSHWIN A. DRAIN

KIM CARGOR,

    Respondent.
_____/

**<u>ORDER DENYING AS MOOT THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL [# 13] AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR CERTIFICATE OF APPEALABILITY [# 14] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Petitioner David Edward Davis filed a *pro se* petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.  This Court denied the petition for a writ of habeas corpus, declined to issue a certificate of appealability, but granted Petitioner leave to appeal *in forma pauperis*.  (ECF No. 9).

Petitioner has now filed a Notice of Appeal. (ECF No. 11).  Presently before the Court is the Petitioner's application to proceed without prepaying fees or costs on appeal (ECF No. 13) and Petitioner's motion for a certificate of appealability (ECF No. 14).

1

This Court already granted Petitioner leave to appeal *in forma pauperis,* it is thus unnecessary for Petitioner to again obtain permission to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3); *see also Lawson v. Neil*, 319 F. Supp. 550, 552 (E.D. Tenn. 1969) (concluding that the court need not take action on the plaintiff's application to proceed in forma pauperis on appeal because the court already granted pauper status for the district court case and did not certify the appeal would be taken in bad faith). Petitioner's current motion to proceed without prepaying fees and costs on appeal will therefore be denied as moot. *See McMillan v. McKune,* 16 F. App'x 896, 897 (10th Cir. 2001).

The proper procedure when a district court denies a certificate of appealability, as this Court did, is for the habeas petitioner to file a motion for a certificate of appealability before the appellate court. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Petitioner's request for a certificate of appealability should be directed to the Sixth Circuit. In the interests of justice, the Court orders Petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit. *See Hayes v. Horton*, 606 F. Supp. 3d 676, 678 (E.D. Mich. 2022).

Accordingly, the application to proceed without prepaying fees and costs on appeal (ECF No. 13) is **DENIED AS MOOT.**

The Clerk of the Court is **ORDERED** to transfer the "Motion for a Certificate of Appealability" (ECF No. 14) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

Dated:     August 7, 2025                               /s/Gershwin A. Drain
                                                        GERSHWIN A. DRAIN
                                                        U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 7, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager